318 So.2d 706

**In the Matter of Honorable G. Ross BELL, Circuit Judge, Tenth Judicial Circuit.**

**Misc. No. 463.**

Supreme Court of Alabama.

Aug. 7, 1975.

G. Ross Bell, pro se.

No appearance for appellee.

**PER CURIAM.**

Honorable G. Ross Bell has filed a petition with this Court in which he seeks to get credit toward retirement for time he served as a judge of the Recorder's Court in the City of Birmingham. The Retirement System recommends that his claim for this credit should be disallowed. We agree that the Judicial Retirement Act does not make provision for Judge Bell to claim this time toward retirement.

Section 9 of the Judicial Retirement Act (Act No. 1163, Acts of Alabama, 1973) provides as follows:

"This Act shall not apply to nor in any wise affect benefits paid to justices of the supreme court nor to judges of either of the courts of appeals or of the circuit court who have become supernumerary justices or judges pursuant to the provisions of Code of Alabama 1940, Title 13, Sections 31–33, or Act No. 288

(General Acts of Alabama 1945, p. 478) or any other applicable Act as such Acts have been amended, supplemented or superseded. *Provided further that any judge of a circuit court holding office at the time this Act becomes law who is entitled to credit for prior service toward earning supernumerary status in a position other than as a circuit judge,* shall be entitled to have all such service credited toward retirement status under this bill provided he does so within three years from the date this Act becomes law by notifying the supreme court in writing of the service for which he is at that time entitled to credit toward obtaining supernumerary status and for which he desires credit toward retirement under the judicial retirement fund provided by this Act. Upon receipt of such notice the supreme court shall make a judicial determination of the amount of such credit to which such judge is entitled and shall notify the board of control of the state employees' retirement system of this determination and such service shall be credited to such judge's retirement benefits and shall be counted as time of service as a circuit judge under this Act." (Emphasis added.)

We have failed to find any provision of law which would allow Judge Bell to credit, for the purposes of attaining any supernumerary status, his service as judge in the Recorder's Court in Birmingham. In his request for a judicial determination, Judge Bell states, in part, as follows:

"The Recorder's Court of the City of Birmingham is the largest court of its kind within the state. Its caseload is heavier than any county court within the state. On many occasions the American Bar Association, U.S. Supreme Court Justices, and the members of the Alabama Supreme Court have all emphasized the importance of these courts to the judiciary within the state and nation.

"On November 30, 1956, I was appointed a judge in the Birmingham Re-

corder's Court to serve on a parttime basis. On February 24, 1958, my status with that court was changed to a fulltime judge. At that time it became necessary for me to abandon the practice of law and devote all my time and energies to the work of the court. That court has a staff of three fulltime judges and many supportive personnel. In 1963, I was appointed Chief Judge of that court and served in said capacity until I resigned the position to become Judge of the Juvenile and Domestic Relations Court of Jefferson County in 1965.

"It is my understanding that the Retirement System of Alabama recommends that my prior judicial service with the Juvenile and Domestic Relations Court be allowed because it is a county court. It recommends that my prior judicial service with the Birmingham Recorder's Court be disallowed because it is not a county court. I do not see any logic nor do I feel that it would be appropriate to disallow my prior judicial service in the Recorder's Court of the City of Birmingham because it was not a county court.

"I believe that the intent of the Legislature as expressed in Section 9 of Act No. 1163, Regular Session, 1973 Acts, clearly provided that anyone who had devoted their fulltime work and energy as a member of the judiciary would be entitled to credit for the prior judicial service toward earning supernumerary status. I do not believe that it was the intent of the legislation to distinguish between municipal and county courts. I think any person in such a position should be entitled to have all such prior judicial service credited toward retirement status. To hold otherwise would be, in effect, declaring that many large recorder courts are not worthy of credit while the small county courts throughout the state are."

We are not unmindful of the responsibilities and duties which Judge Bell had as a judge in the Recorder's Court in Birmingham, but, in the absence of specific statutory authority, we do not believe that the Judicial Retirement Act, as presently written, allows Judge Bell to credit his prior service as judge in the Recorder's Court toward retirement.

The Clerk of this Court is directed to notify the Board of Control of the State Employees Retirement System and the Honorable G. Ross Bell of this determination.

HEFLIN, C. J., and MERRILL, MADDOX, JONES and SHORES, JJ., concur.